THOMASON *v.* THE STATE.

A person who, in a small building situate within the curtilage of his dwelling, keeps and disposes of domestic wine of his own manufacture, selling the same in most instances by the quart, but in some instances by the drink or in quantities less than a quart, and in these instances allowing persons to tipple and consume their purchases on the premises, is the keeper of a tippling-house within the meaning of section 4535 of the code; and by keeping the same open on the Sabbath-day the offence punishable under that section is committed. The evidence warranted the verdict, and there was no error in denying a new trial.

July 3, 1893. *Judgment affirmed.*

Indictment for keeping open a tippling-house on the Sabbath-day. Before Judge RICHARD H. CLARK. Rockdale superior court. April term, 1893.

The main assignment of error, in addition to the general grounds for new trial, was upon the following portion of the charge of the court: "If you believe from the evidence in said case that the defendant sold and furnished spirituous and intoxicating liquors to any one or more persons in said county, and in less quantities than a quart, and it was drunk on the premises out of any kind of a vessel, as a tin pot or quart pot, then he is guilty of keeping a tippling-shop; and if you believe further, from the evidence in this case, that the defendant kept open or opened his place on the Sabbath-day where he kept the spirituous liquors on other days for sale, whether he sold or simply furnished them to persons, he is guilty of keeping open a tippling-house on the Sabbath-day. If he kept his liquors there, although it was a room connected with his private house or a bedroom, and he opened it or furnished liquors therefrom, and it was the room he kept it for sale on other days, he is guilty of keeping open a tippling-house on the Sabbath-day."

GEORGE W. GLEATON, for plaintiff in error.

JOHN S. CANDLER, solicitor-general, *contra.*